UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Tyrone Garvin, #306717, ) | C/A No. 2:09-202-HMH-RSC |
| ) | |
| Plaintiff, ) | |
| ) | Report and Recommendation |
| vs. ) | |
| ) | |
| Detective Kirk L. Owen; Officer Mike ) | |
| Grabowski; Officer Bryan Griswold; ) | |
| Investigator Chuck Cain; Office Truxton ) | |
| Umsted; Officer Christopher Hammell; ) | |
| Chief Pete Frommer; Sheriff Michael E. ) | |
| Hunt, each in his individual, ) | |
| collective, and official capacity while ) | |
| acting within the scope of his ) | |
| employment and acting under color of ) | |
| state law; Aiken County; Aiken City, ) | |
| each in its individual, collective, and ) | |
| official capacity while acting within ) | |
| the scope of its employment and acting ) | |
| under color of state law, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## Introduction

The plaintiff, Timothy Tyrone Garvin, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Ridgeland Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint appears to name employees of Aiken County and the City of

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

Aiken as defendants.[2] The plaintiff alleges malicious prosecution and false imprisonment, and he seeks monetary damages. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

<u>Pro Se Review pursuant to the Prison Litigation Reform Act (PLRA)</u>

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on

---

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court

can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

It appears that in 2007 the plaintiff was convicted in the Aiken County Court of General Sessions of a crime(s) related to bank fraud ("Bank/fed.chart Inst Crim"), and the plaintiff received a sentence of five years, five months, and five days. *See* South Carolina Department of Corrections Homepage, http://www.doc.sc.gov/index.jsp (follow "research," then follow "SCDC Inmate Search," then "Search for Incarcerated Inmate," using the SCDC ID number 306717) (last visited Feb. 3, 2009).[3] In this

---

[3] The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. September 8, 2008) (noting that courts may take judicial notice of governmental websites including other

4

action, the plaintiff alleges that the defendants maliciously brought bank fraud charges against him based upon false statements. (Compl. at 10.) The plaintiff alleges that the defendants obtained evidence that two different females (Jacqunia S. Nicholson and Latoya Dunbar) implicated him for being involved with fraudulent check schemes. The plaintiff alleges that the two females did not give any reasonable evidence to show that he was involved with their check cashing schemes. Therefore, when the defendants obtained arrest warrants for his arrest, the plaintiff alleges they did so with reckless disregard of the truth and that they knowingly gave materially false statements to establish probable cause. The only inference is that the plaintiff is currently incarcerated within SCDC on the bank fraud charges about which he complains.

## Discussion

The crux of this complaint is that the plaintiff is currently incarcerated for a crime which he believes was knowingly illegally obtained by the defendants. The plaintiff seeks monetary damages because his constitutional rights were allegedly violated during the criminal investigation and prosecution. This § 1983 complaint is subject to summary dismissal because it fails to state a claim on which relief may be granted and has no arguable basis in law.

---

courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. November 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

The Supreme Court has held that in order to recover damages for imprisonment in violation of the constitution, the imprisonment must first be successfully challenged. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87; *See also Edwards v. Balisock*, 520 U.S. 641 (1997) (the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgement).

A favorable determination on the merits of the plaintiff's claims in this § 1983 action would imply that the plaintiff's criminal conviction for a crime(s) related to bank fraud is invalid. The United States Supreme Court states that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. This is known as the

"favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008) (finding that a claim for wrongful imprisonment is cognizable after a sentence has expired). The plaintiff has not demonstrated or alleged that he has successfully challenged the lawfulness of his outstanding state bank fraud conviction for which he is apparently incarcerated; thus, this complaint should be dismissed without prejudice.[4]

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the important notice on the next page.**

February 5, 2009
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

---

[4] Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues. *See Benson v. New Jersey State Parole Bd.*, 947 F. Supp. 827, 830 & n. 3 (D.N.J. 1996) (following *Heck v. Humphrey*, "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-688 (E.D.Va. 1994).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).