IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Timothy Tyrone Garvin, #306717, ) | |
| ) | C.A. No. 2:09-202-HMH-RSC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Detective Kirk L. Owen; Officer Mike ) | |
| Grabowski; Officer Bryan Griswold; ) | |
| Investigator Chuck Cain; Officer Truxton ) | |
| Umsted; Officer Christopher Hammell; ) | |
| Chief Pete Frommer; Sheriff Michael E. ) | |
| Hunt, each in his individual, collective, ) | |
| and official capacity while acting within the ) | |
| scope of his employment and acting under ) | |
| color of state law; Aiken County; ) | |
| Aiken City, each in its individual, ) | |
| collective, and official capacity while ) | |
| acting within the scope of its employment ) | |
| and acting under color of state law, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Robert S. Carr, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 for the District of South Carolina.[1] Timothy Tyrone Garvin ("Garvin"), a state prisoner proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983. In his Report and Recommendation, Magistrate Judge Carr found that <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994), bars Garvin from proceeding with the instant § 1983 action and recommended

---

[1]The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. <u>See</u> <u>Mathews v. Weber</u>, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

dismissing Garvin's action without prejudice and without issuance and service of process. Garvin filed objections to the Report and Recommendation. For the reasons stated below, the court declines to adopt the Report and Recommendation.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In his complaint, Garvin alleges that on "December 8, 2006, Defendant Officer Mike Grabowski [("Grabowski")] arrested a female named Jacqunia S. Nicholson [("Nicholson")] on the charge of Forgery" and "Ms. Nicholson advised [Grabowski] that she had received the check in question . . . from a Daryl subject. . . ." (Compl. ¶ 8.) On December 14, 2006, Detective Kirk Owen ("Owen"), Grabowski, and Investigator Chuck Cain "witnessed and interviewed one Jacqunia S. Nicholson" who stated that "she . . . did observe and actually saw Plaintiff Timothy Tyrone Garvin Completely fill out and sign one of the checks" at issue. (Id. ¶ 9.) Nicholson allegedly further told officers that Garvin was not involved in the scheme for the money.

On January 19, 2007, Latoya Dunbar ("Dunbar") was arrested for cashing fraudulent checks and Owen, in his supplemental report, allegedly stated that Dunbar "got the checks from the Plaintiff Timothy Tyrone Garvin but he knew that there was no probable cause or evidence, circumstantial or factual for him to believe this." (Id. ¶ 10.) Garvin submits that Owen deliberately "made material false statements in his Criminal Arrest Warrant Applications and Warrant Affidavits and therefore mislead [the] Municipal Judge . . . to establish probable cause." (Id. ¶ 12.) Garvin seeks compensatory and punitive damages.

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce,

727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of <u>specific</u> objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983).

After review, the court finds that Garvin has raised one specific objection. Garvin argues that <u>Heck</u> does not bar his claims because he is not attacking his conviction for which he is incarcerated. Instead, Garvin alleges that four indictments alleging bank fraud were dismissed and, therefore, because these warrants were terminated in his favor, <u>Heck</u> does not bar his claims. Garvin has attached copies of the indictments to his objections. The indictments indicate that they were dismissed because Garvin pled guilty to other charges and restitution was ordered.

Under <u>Heck</u>, "in order to recover damages [under § 1983] for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," Garvin must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." <u>Heck</u>, 512 U.S. at 486-87. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973). "It is only when . . . the logical application of the § 1983 judgment would not *necessarily invalidate* the underlying conviction that the § 1983 case can proceed." <u>Ballenger v. Owens</u>, 352 F.3d 842, 846 (4th Cir. 2003). Garvin alleges that his claims are unrelated to the conviction for which he is currently incarcerated. Accepting

Garvin's allegations as true, the court agrees that Heck does not bar Garvin's malicious prosecution claim.

> To establish the tort of malicious prosecution under South Carolina law, a plaintiff must show: (1) the institution or continuation of original judicial proceedings; (2) by or at the instance of the defendant; (3) termination of such proceedings in plaintiff's favor; (4) malice in the instituting or continuing of such proceedings; (5) lack of probable cause; and (6) resulting injury to the plaintiff.

Goodwin v. Metts, 973 F.2d 378, 383 (4th Cir. 1992). "Essentially, malicious prosecution in violation of section 1983 is malicious prosecution resulting in a constitutional deprivation." Id. Liberally construing Garvin's complaint and the documentation submitted in support of his objections, the court finds that he has stated a claim for malicious prosecution.

> However, Garvin fails to state a claim for false imprisonment.

> At common law, allegations that a warrantless arrest or imprisonment was not supported by probable cause advanced a claim of false arrest or imprisonment . . . . However, allegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for a period after legal process issued, are analogous to the common-law tort of malicious prosecution.

Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998). Garvin alleges that certain arrest warrants were unsupported by probable cause. Garvin does not allege that the warrants were facially invalid, but that Owen lied to obtain them. Therefore, Garvin fails to state a claim for false imprisonment.

Therefore, it is

**ORDERED** that Garvin's false imprisonment claim is dismissed. It is further

**ORDERED** that this matter is remanded to the magistrate judge for further consideration.

**IT IS SO ORDERED**.

                                                 s/Henry M. Herlong, Jr.
                                                 United States District Judge

Greenville, South Carolina
February 19, 2009

### NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

5