UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Tyrone Garvin, #306717,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>Detective Kirk L. Owen; Officer Mike Grabowski; Officer Bryan Griswold; Investigator Chuck Cain; Office Truxton Umsted; Officer Christopher Hammell; Chief Pete Frommer; Sheriff Michael E. Hunt, each in his individual, collective, and official capacity while acting within the scope of his employment and acting under color of state law; Aiken County; Aiken City, each in its individual, collective, and official capacity while acting within the scope of its employment and acting under color of state law,<br><br>　　　　　　　Defendants. | C/A No. 2:09-202-HMH-RSC<br><br>Report and Recommendation for Partial Disposition |

### Introduction

On February 19, 2009, the district court remanded this action to the undersigned "for further consideration." The district court declined to adopt the undersigned's previous report and recommendation filed on February 5, 2009, and it ruled that the plaintiff stated a cognizable § 1983 claim for malicious prosecution. Also, the district court ruled that the allegations of false imprisonment failed to state a claim and therefore dismissed the false imprisonment claim.

Upon further review of this action, in a separate order this court authorized service of process upon three defendants "Detective Kirk L. Owen, Officer Mike Grabowski, and Investigator

Chuck Cain." However, as explained herein, it is recommended that the remaining defendants are subject to summary dismissal prior to service of process because of the plaintiff's failure to state a claim upon which relief may be granted.

*Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity

can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never

3

presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

As the district court found, the plaintiff's complaint does state a cognizable claim for malicious prosecution. The district court did not analyze which defendants are subject to suit, and, therefore, that issue is considered in this report. The undersigned finds that the malicious prosecution claim is cognizable against defendants "Detective Kirk L. Owen, Officer Mike Grabowski, and Investigator Chuck Cain" because the plaintiff alleged facts against those individuals to implicate them in the alleged malicious prosecution. However, in contrast, this court has reviewed the complaint and cannot glean any facts alleged against the individual defendants Officer Bryan Griswold, Officer Truxton Umsted, Officer Christopher Hammell, Chief Pete Frommer, and Sheriff Michael E. Hunt. The section of the complaint about the parties to the action states the job positions of defendants

4

Griswold, Umsted, Hammell, Frommer, and Hunt, but the complaint makes no factual allegations against any of those individuals. In other words, those defendants appear to be named in the caption only and not in the body of the complaint.

Although the court must liberally construe the *pro se* complaint, the plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994) (finding that a complaint was subject to summary dismissal because it did not contain any facts to support the claim); *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995). While the plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). Because the plaintiff did not plead any factual allegations against them, the complaint fails to state a claim upon which relief may be granted under § 1983 as to defendants Officer Bryan Griswold, Officer Truxton Umsted, Officer Christopher Hammell, Chief Pete Frommer, and Sheriff Michael E. Hunt, and they should be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Moreover, to the extent that the plaintiff is bringing suit against defendants Griswold, Umsted, Hammell, Frommer, and Hunt because they are supervisors, managers, or somehow allegedly responsible for defendants Owen, Grabowski, and Cain, the doctrines

of vicarious liability and respondeat superior are not applicable in § 1983 actions. *See Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 (4th Cir. 1977). *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). Liability cannot be imposed on defendants Griswold, Umsted, Hammell, Frommer, and Hunt on the basis of actions taken by other law enforcement officials.

Similarly, defendants Aiken County and Aiken City cannot be liable pursuant to respondeat superior principles. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) ("municipalities are not liable pursuant to respondeat superior principles for all constitutional violations of their employees simply because of the employment relationship") (citing *Monell*, 436 U.S. at 692-94). A municipality may not be held liable under § 1983 solely because it employs the tort-feasor; rather, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Board of County Commissioners v. Brown*, 520 U.S. 397 (1997). *See also McMillian v. Monroe County, Alabama*, 520 U.S. 781 (1997) ("If the sheriff's actions constitute county 'policy,' then the county is liable for them."); *Knight v. Vernon*, 214 F.3d 544, 552-53 (4th Cir. 2000). As the plaintiff has alleged no actionable conduct of Aiken County or Aiken City, nor

identified any actionable policy or custom, those defendants should be dismissed.

Additionally, it appears that for the defendant Aiken County the plaintiff really may seek to sue the "County Administrator Office" and for the defendant Aiken City he really may seek to sue the "City Manager's Office." (Compl. at 3.) However, the County Administrator Office and the City Manager's Office are not "persons" subject to suit in a § 1983 civil rights action. In order to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." See 42 U.S.C. § 1983; see generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a Section 1983 action must qualify as a "person." Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. See Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969) (finding that California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to

suit."). Therefore, the plaintiff also failed to state a claim on which relief may be granted as to the Aiken County Administrator Office and the Aiken City Manager's Office.

### Recommendation

Accordingly, it is recommended that the district court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process only with respect to defendants Officer Bryan Griswold, Officer Truxton Umsted, Officer Christopher Hammell, Chief Pete Frommer, Sheriff Michael E. Hunt, Aiken County and Aiken City.[1] *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the important notice on the next page.**

February 23, 2009  
Charleston, South Carolina  

Robert S. Carr  
United States Magistrate Judge

---

[1] In a separate order entered contemporaneously with this report and recommendation, this court authorized service of process upon defendants Detective Kirk L. Owen, Officer Mike Grabowski, and Investigator Chuck Cain.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).